BRUSLY POLICE DEPARTMENT

150 East St. Francis Street

Brusly, Louisiana 70719


SUPPLEMENTAL MEMORANDUM

TO: Councilman Rusty Daigle

FROM: Sgt. Jordan Adam Taylor Zachary, Badge #B-4

DATE: April 16, 2025

RE: Retaliation Threats, Hostile Conduct by Chief Lefeaux, and Concerns Regarding Hiring Practices


Dear Councilman Daigle,


I am submitting this memorandum to formally document a serious incident involving Chief Jonathan Lefeaux that occurred just prior to the most recent Town Council meeting. This incident raises significant concerns related to retaliation, workplace hostility, and the integrity of our departmental hiring practices.


Incident Overview


On the evening of the council meeting, Chief Lefeaux summoned me to his office and asked my opinion about the proposed hiring of Keegan Allen. I responded that Mr. Allen would be a good hire. Chief Lefeaux then asked:


"So, you won't go bitch and complain about him getting a certain position or higher pay than you?"


I replied:


"Sir, as I have told you in the past, it is not my place to speak on that. But since you are asking, it does hurt my morale that someone outside the agency gets hired to the rank of Lieutenant and straight to a detective spot that you know I have wanted and worked towards for a long time. So yes, it sucks-but I still think you should hire him because he is qualified."

EXHIBIT

3

Chief Lefeaux then stormed out of his office and entered the squad room, shouting at multiple officers and declaring:

"All y'all have a problem with me hiring outside people at better money, but you don't do what we ask now!"

He singled out Officer Jason Fontenot, accusing him of 'stirring the pot' by informing others about the proposed appointment and pay rate. In front of multiple witnesses, Chief Lefeaux called both myself and Officer Fontenot "liars."

Upon hearing this commotion, Assistant Chief Tom Southon exited his office visibly shocked. Chief Lefeaux left the squad room, and Assistant Chief Southon followed him.

Shortly afterward, Assistant Chief Southon returned and expressed to those of us present that he apologized for the Chief's behavior, stating "this should not have happened." He left again to speak with Chief Lefeaux, and upon returning a second time, Southon advised us that Chief Lefeaux believed we were planning to "raise hell" at the council meeting about the hire, and that if any of us spoke during the meeting, we would be fired.

Additional Statement

In response to this, I stated aloud-in the presence of Officers Devin Byrd, Joshua Falcon, and Jason Fontenot:

"Tom, this is literally the definition of a hostile work environment."

Assistant Chief Southon acknowledged this by shrugging his shoulders and shaking his head, signaling agreement with my assessment.

Legal and Policy Implications

This encounter raises grave concerns:

First Amendment Protections: Officers maintain the right to speak on matters of public concern without fear of retaliation.

Department Policy Violations: The Brusly Police Department Rules (§ 4.1, § 4.5, § 4.14) mandate merit-based, fair, and respectful employment practices.

Hostile Work Environment: Chief Lefeaux's conduct may expose the department and town to liability.

Personal Note and Request

Councilman Daigle, the reason I am sending this to you is because I trust you more than any other member of Brusly's government, and I am genuinely at a loss as to what to do next.

My intention is not to cause disruption but to ensure that the concerns of those who serve this town in uniform are taken seriously and handled with integrity. I believe in the mission of this department and the importance of protecting both the public and each other. But I also believe that silence in the face of mistreatment only enables further harm.

Accordingly, I respectfully request that:

1. This matter be independently reviewed by the Council;

2. Officers be assured of their right to participate in public governance without fear of retaliation;

3. The hiring and appointment process for Mr. Allen be re-examined for procedural and policy compliance;

4. The conduct of Chief Lefeaux be assessed in light of its impact on morale, transparency, and compliance with department and legal standards.

Respectfully,

Jordan Adam Taylor Zachary

Email: jordan.zachary1994@gmail.com

Phone: (225) 773-5022