**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**JORDAN ZACHARY**                              **CIVIL ACTION NO.: 3:26-CV-00557**

**VERSUS**                                      **JUDGE: SHELLY D. DICK**

**JONATHAN LEFEAUX, INDIVIDUALLY**              **MAGISTRATE JUDGE:**
**AND THE TOWN OF BRUSLY**                      **ERIN WILDER-DOOMES**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ANSWER**

The Answer of Chief Jonathan Lefeaux, a resident of the full age of West Baton Rouge Parish, respectfully represents:

1.

The allegations of plaintiff's paragraph 1 require no response from defendant but out of an abundance of caution, are denied.

2.

The allegations of plaintiff's paragraph 2 are denied save to admit Mr. Lefeaux's status as a person of the age of majority of West Baton Rouge Parish, Louisiana.

3.

The allegations of plaintiff's paragraph 3 require no response from defendant but out of an abundance of caution, are denied.

4.

The allegations of plaintiff's paragraph 4 require no response from defendant but out of an abundance of caution, are denied.

5.

The allegations of plaintiff's paragraph 5 do not require a response from defendant, but out of an abundance of caution are denied.

1

6.

The allegations of plaintiff's paragraph 6 are denied.

7.

The allegations of plaintiff's paragraph 7 are denied.

8.

The allegations of plaintiff's paragraph are admitted.

9.

The allegations of plaintiff's paragraph 9 are denied save to admit the Ordinances for the Town of Brusly are the best evidence of their contents.

10.

The allegations of plaintiff's paragraph 10 are denied and further denied for lack of information sufficient to justify a belief therein.

11.

The allegations of plaintiff's paragraph 11 are denied.

12.

The allegations of plaintiff's paragraph 12 are denied and denied as written as regards "watchdog".

13.

The allegations of plaintiff's paragraph 13 are denied.

14.

The allegations of plaintiff's paragraph 14 are denied save to admit any such Certificate is the best evidence of its contents.

15.

The allegations of plaintiff's paragraph 15 are denied.

16.

The allegations of plaintiff's paragraph 16 are denied and denied as written as regards "watchdog".

17.

The allegations of plaintiff's paragraph 17 are denied save to admit any such Certificate is the best evidence of its contents.

18.

The allegations of plaintiff's paragraph 18 are denied.

19.

The allegations of plaintiff's paragraph 19 are denied.

20.

The allegations of plaintiff's paragraph 20 are denied.

21.

The allegations of plaintiff's paragraph 21 are denied.

22.

The allegations of plaintiff's paragraph 22 are denied.

23.

The allegations of plaintiff's paragraph 23 do not require a response from defendant but out of an abundance of caution, are denied.

24.

The allegations of plaintiff's paragraph 24 are denied and in further response defendant asserts any text and/or any such communications are the best evidence of their contents.

25.

The allegations of plaintiff's paragraph 25 are denied.

26.

The allegations of plaintiff's paragraph 26 are denied.

27.

The allegations of plaintiff's paragraph 27 are denied.

28.

The allegations of plaintiff's paragraph 28 are denied.

29.

The allegations of plaintiff's paragraph 29 are denied and in further response defendant asserts the contents of the Council meeting are the best evidence of their contents.

30.

The allegations of plaintiff's paragraph 30 are denied and in further response defendant asserts the contents of the Council meeting are the best evidence of their contents.

31.

The allegations of plaintiff's paragraph 31 are denied and in further response defendant asserts the contents of any text and/or any such communications are the best evidence of their contents.

32.

The allegations of plaintiff's paragraph 32 are denied.

33.

The allegations of plaintiff's paragraph 33 are denied.

34.

The allegations of plaintiff's paragraph 34 are denied.

35.

The allegations of plaintiff's paragraph 35 are denied.

36.

The allegations of plaintiff's paragraph 36 are denied.

37.

The allegations of plaintiff's paragraph 37 are denied.

38.

The allegations of plaintiff's paragraph 38 are denied and in further response defendant asserts the communications are the best evidence of their contents.

39.

The allegations of plaintiff's paragraph 39 are denied.

40.

The allegations of plaintiff's paragraph 40 are denied.

41.

The allegations of plaintiff's paragraph 41 are denied and in further response defendant asserts the communications are the best evidence of their contents.

42.

The allegations of plaintiff's paragraph 42 are denied and in further response defendant asserts the communications are the best evidence of their contents.

43.

The allegations of plaintiff's paragraph 43. are denied and in further response defendant asserts the communications are the best evidence of their contents.

44.

The allegations of plaintiff's paragraph 44 are denied.

45.

The allegations of plaintiff's paragraph 45 are denied and in further response defendant asserts the communications are the best evidence of their contents.

46.

The allegations of plaintiff's paragraph 46 are denied.

47.

The allegations of plaintiff's paragraph 47 are denied.

48.

The allegations of plaintiff's paragraph 48 are denied.

49.

The allegations of plaintiff's paragraph 49 are denied.

50.

The allegations of plaintiff's paragraph 50 are denied.

51.

The allegations of plaintiff's paragraph 51 are denied.

52.

The allegations of plaintiff's paragraph 52 are denied and in further response defendant asserts the documents are the best evidence of their contents.

53.

The allegations of plaintiff's paragraph 53 are denied and in further response defendant asserts said request is the best evidence of its contents.  Defendant additionally notes that FOIA is typically a federal request for documents under the Federal Freedom of Information Act.

54.

The allegations of plaintiff's paragraph 54 are denied and in further response defendant asserts said communications are the best evidence of their contents.

55.

The allegations of plaintiff's paragraph 55 are denied and in further response defendant asserts said communications are the best evidence of their contents.

56.

The allegations of plaintiff's paragraph 56 are denied save to admit the Agenda containing items for consideration is the best evidence of its contents.

57.

The allegations of plaintiff's paragraph 57 are denied save to admit defendant was not in attendance.

58.

The allegations of plaintiff's paragraph 58 are denied.

59.

The allegations of plaintiff's paragraph 59 are denied save to admit plaintiff was recommended for termination.

60.

The allegations of plaintiff's paragraph 60 are denied.

61.

The allegations of plaintiff's paragraph 61 are denied.

62.

The allegations of plaintiff's paragraph 62 are denied.

63.

The allegations of plaintiff's paragraph 63 are denied.

64.

The allegations of plaintiff's paragraph 64 are denied.

65.

The allegations of plaintiff's paragraph 65 are denied save to admit La. R.S. 40:2531 is the best evidence of its contents.

66.

The allegations of plaintiff's paragraph 66 are denied save to admit La. R.S. 40:2531 is the best evidence of its contents.

67.

The allegations of plaintiff's paragraph 67 are denied save to admit La. R.S. 40:2531 is the best evidence of its contents.

8

68.

The allegations of plaintiff's paragraph 68 are denied. In further response, defendant Lefeaux shows La. R.S. 40:2531 applies to certain police agencies and not individuals as alleged by plaintiff.

69.

The allegations of plaintiff's paragraph 69 are denied.

70.

The allegations of plaintiff's paragraph 70 are denied. In further response, to the extent La. R.S. 40:2531 applies in this instance its applicability is to certain police agencies and not individuals as alleged by plaintiff.

71.

The allegations of plaintiff's paragraph 71 are denied.

72.

The allegations of plaintiff's paragraph 72 are denied. In further response, La. R.S. 40:2531 does not afford a cause of action for damage by its own terms.

73.

The allegations of plaintiff's paragraph 73 are denied. In further response, at no time was plaintiff a civil service employee nor did he possess a property interest under La. R.S. 40:2531.

74.

The allegations of plaintiff's paragraph 74 are denied.

75.

The allegations of plaintiff's paragraph 75 are denied.

9

76.

The allegations of plaintiff's paragraph 76 are denied. Defendant further shows La. R.S. 40:2531 does not confer a constitutionally-protect property right to the plaintiff.

77.

The allegations of plaintiff's paragraph 77 are denied. Defendant further shows La. R.S. 40:2531 does not confer a constitutionally-protect property right to the plaintiff. Furthermore, La. R.S. 40:2531, by its own terms, does not confer a right to sue for or obtain damages as a result of any alleged violation thereof.

78.

The allegations of plaintiff's paragraph 78 are denied.

79.

The allegations of plaintiff's paragraph 79 are denied.

80.

The allegations of plaintiff's paragraph 80 are denied.

81.

The allegations of plaintiff's paragraph 81 are denied.

82.

The allegations of plaintiff's paragraph 82 are denied. In further response, defendant shows said documents are the best evidence of their contents.

83.

The allegations of plaintiff's paragraph 83 are denied. In further response, defendant shows at all times plaintiff was a public employee and, in that regard, does not enjoy unfettered rights under the First Amendment. Instead, plaintiff's speech is subject also to the rights of a public

10

employer to maintain discipline, harmony, loyalty, and efficiency.    Defendant further shows plaintiff cannot show an impairment of his rights under the First Amendment.

84.

The allegations of plaintiff's paragraph 84 are denied.

85.

The allegations of plaintiff's paragraph 85 are denied.

86.

The allegations of plaintiff's paragraph 86 are denied save to admit La. R.S. 40:2537 is the best evidence of its contents and is applicability in this matter is denied.

87.

The allegations of plaintiff's paragraph 87 are denied save to admit La. R.S. 40:2537 is the best evidence of its contents and is applicability in this matter is denied.

88.

The allegations of plaintiff's paragraph 88 are denied save to admit La. R.S. 40:2537 is the best evidence of its contents and is applicability in this matter is denied.

89.

The allegations of plaintiff's paragraph 89 are denied.

90.

The allegations of plaintiff's paragraph 90 are denied.

91.

The allegations of plaintiff's paragraph 91 are denied.

92.

The allegations of plaintiff's paragraph 92 are denied.

11

93.

The allegations of plaintiff's paragraph 93 are denied.

94.

The allegations of plaintiff's paragraph 94 are denied.

95.

The allegations of plaintiff's paragraph 95 are denied.

96.

The allegations of plaintiff's paragraph 96 are denied save to admit La. R.S. 23:967 is the best evidence of its contents and is applicability in this matter is denied .

97.

The allegations of plaintiff's paragraph 97 are denied save to admit La. R.S. 23:967 is the best evidence of its contents and is applicability in this matter is denied.

98.

The allegations of plaintiff's paragraph 98 are denied save to admit La. R.S. 23:967 is the best evidence of its contents and is applicability in this matter is denied.

99.

The allegations of plaintiff's paragraph 99 are denied save to admit La. R.S. 23:967 is the best evidence of its contents and is applicability in this matter is denied.

100.

The allegations of plaintiff's paragraph 100 require no response from defendant, but out of an abundance of caution, are denied.

12

101.

In further response, defendant asserts his entitlement to qualified immunity and that qualified immunity herein bars and/or impairs plaintiff's ability to pursue claims against defendant Lefeaux.

102.

In further response, defendant asserts he is entitled to discretionary function immunity pursuant to La. R.S. 9:27898.1 which bars and/or impairs plaintiff's ability to pursue claims against defendant Lefeaux.

103.

Defendant asserts he is not liable to plaintiff for any alleged violation of La. R.S. 40:2531 as La. R.S. 40:2531 applies to police agencies and not individuals, La. R.S. 40:2531, by its own terms does not afford any cause of action for damages, and/or La. R.S. 40:2531 was neither violated by defendant nor does it provide a mechanism by which defendant could be liable to the plaintiff.  Defendant shows plaintiff fails to state a claim against him upon which relief can be granted.

104.

Defendant asserts, at all times, he was acting in good faith, in accordance with the law, and did not violate any rights possessed or claimed to be possessed by the plaintiff.

105.

Defendant asserts, at all times, plaintiff failed and/or refused to file a Charge of Discrimination with the EEOC or send any notice pursuant to La. R.S. 23:303 regarding alleged claims for FMLA and/or paternity leave violations and, further, to the extent plaintiff seeks to make such a claim, defendant Lefeaux is not and cannot be liable therefor as he was not an "employer"

13

within the meaning and intent of law. Defendant further shows plaintiff fails to state a claim upon which relief can be granted against him under the FMLA, Title VII, and/or the LEDL, or any other applicable pregnancy-leave statutes.

106.

Defendant asserts, at all times, he did not retaliate against nor take any act in reprisal against plaintiff. Defendant shows he, at all times, acted in good faith, the best interests of the Town of Brusly and its residents, in accordance with the law.

107.

Defendant asserts plaintiff did not possess a protected First Amendment and, further, in accordance with *Garcetti* and its progeny, shows any restrictions on plaintiff's speech were lawful and appropriate. At all times, defendant acted in accordance with existing law, in good faith, and did not violate any rights claimed by the plaintiff.

108.

Defendant asserts plaintiff has no right or entitlement to relief for declaratory judgment against him and specifically including derivative from La. R.S. 40:2531.

109.

Defendant shows he was not plaintiff's "employer". Plaintiff did not possess a constitutionally-protected property interest in his employment. Plaintiff suffered no deprivation of a recognized constitutionally-protected property right.

110.

Defendant shows plaintiff was terminated for legitimate, non-discriminatory, non-discriminatory and retaliatory reasons.

14

111.

Defendant further shows La. R.S. 40:2531 does not accord a cause or right of action for damages and, further, there is likewise no such relief available under 42 U.S.C. §1983.

112.

Defendant further shows at no time did plaintiff suffer any tangible or adverse employment action and did not suffer any tangible or adverse employment action on account of plaintiff's alleged asserts of any protected rights.

113.

Defendant shows plaintiff has failed to state a claim upon which relief can be granted under La. R.S. 40:2537 against defendant as defendant was not plaintiff's "employer".

114.

Defendant shows plaintiff has failed to state a claim upon which relief can be granted under La. R.S. 23:967 as defendant was not plaintiff's "employer". Furthermore, defendant Lafeaux is entitled to costs and attorney fees against plaintiff as plaintiff's claims against defendant Lafeaux under La. R.S. 23:967 are in bad faith and not supported by the law.

115.

Defendant shows plaintiff failed to mitigate his damages, suffered no damages, failed to act with due diligence, failed to properly perform his job and job duties, and was properly terminated, for cause, by defendant Town of Brusly. Plaintiff's damages, if any, were the result of, caused by, and/or contributed to his own or a third parties' action(s)/inaction(s), negligence, breach, and/or fault, for which defendants are not liable.

15

116.

Defendant is entitled to and desires, in addition to relief afforded him under La. R.S. 23:967, dismissal of this action, all costs of these proceedings, and all such other relief to which he is entitled at law or in equity.

WHEREFORE, defendant, Chief Jonathan Lefeaux, prays this Answer be deemed good and sufficient and after due proceedings are had that plaintiff's Complaint be dismissed at his sole cost and expense and that defendant be awarded attorney fees as provided by law, costs, and all such relief to which he is entitled at law or in equity.

Respectfully submitted,

By: __s/Jill L. Craft_____
Jill L. Craft, T.A., #20922
W. Brett Conrad, Jr., #37639
329 Saint Ferdinand Street
Baton Rouge, Louisiana 70802
Phone: (225) 663-2612
Fax: (225) 663-2613
Email: jcraft@craftlaw.net
        bconrad@craftlaw.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I have filed the above and foregoing Answer using the Court's CM/ECF electronic filing system and that service of this pleading will be accomplished on counsel for the plaintiff by electronic delivery through the Court's electronic filing system.

Baton Rouge, Louisiana, this 31st day of July, 2026.

_____/s Jill L. Craft _____