**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JORDAN ZACHARY** | **CIVIL ACTION NO.: 3:26-cv-00557** |
| **v.** | **JUDGE SHELLY D. DICK** |
| **JONATHAN LEFEAUX,** | **MAGISTRATE JUDGE** |
| **Individually, and the TOWN OF** | **ERIN WILDER-DOOMES** |
| **BRUSLY** | |

**STATUS REPORT**

**A.      JURISDICTION**

What is the basis for the jurisdiction of the Court?

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action presents federal questions arising under the Constitution and laws of the United States. Plaintiff also asserts related claims under Louisiana law for which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or controversy and arise from the same nucleus of operative facts as Plaintiff's federal constitutional claims.

**B.       BRIEF EXPLANATION OF THE CASE**

1.      Plaintiff claims: Generally, Plaintiff claims that he was terminated in retaliation for refusing to participate in an unlawful ticket quota system and/or for exercising his First Amendment rights, and that such termination violated the Police Officer's Bill of Rights. Specifically, Plaintiff seeks:

a.   Declaratory relief under 28 U.S.C. § 2201, declaring that his termination was in violation of the Louisiana Police Officer Bill of Rights (the "POBR");

b. Reinstatement;

   c. Damages under 42 U.S.C. § 1983 for deprivation of his Fourteenth Amendment procedural-due-process rights, based upon Defendants' alleged termination of Plaintiff in violation of the POBR and without constitutionally adequate process;

   d. Damages for suffering adverse employment action after Defendants believed he would engage in speech protected by the First Amendment;

   e. Damages for suffering adverse employment action after he engaged in speech protected by the First Amendment;

   f. Damages for violations of the Louisiana Police Officer Whistleblower Act; and

   g. Damages for violation of the Louisiana Whistleblower Act.

2. Defendant Town's claims:

Defendant Town of Brusly ("Town") asserts the plaintiff fails to state a claim upon which relief can be granted against it and that plaintiff's claims are not cognizable as a matter of law. Alternatively, the Town is not liable under any of the stated causes of action, as there are insufficient facts to meet the elements of any of the claims. Further, the Town affirmatively asserts it may be subject to a statutory or common law immunity for any of the plaintiff's claims.

3. Defendant Chief Lefeaux's claims:

Defendant Lefeaux asserts he cannot be liable under La. R.S. 23:967, FMLA, Title VII, LEDL, or La. R.S. 40:2537 as he was not plaintiff's "employer" within the meaning and intent of the laws. Further, defendant Lefeaux pled qualified immunity with respect to the two (2) Section 1983 claims filed by the plaintiff naming him. Specifically, defendant Lefeaux shows that plaintiff seeks to use La. R.S. 40:2531 (the Peace Officer Bill of Rights) as a predicate for a due process

2

claim. However, La. R.S. 40:2531 by its terms is applicable only to the police "employer" and specifically provides only for nullification of any alleged discipline and not a claim for damages. Furthermore, to the extent the plaintiff seeks to impose Section 1983 liability on defendant Lefeaux for alleged comments that plaintiff was not permitted to speak to the Council on matters involving operations of the police department, defendant Lefeaux submits in accord with *Garcetti*, plaintiff does not enjoy an unfettered First Amendment right as a public employee and, further that any such alleged intrusion (which is denied) was derivative of a right not clearly established at the time of the alleged violation. Defendant Lefeaux submits this matter should be stayed pending a Motion to Dismiss the Section 1983 claims based upon the assertion of qualified immunity.

Defendant Lefeaux submits the plaintiff fails to state a claim upon which relief can be granted against him and, further, that plaintiff's claims are not cognizable and should be denied. Defendant Lefeaux submits the plaintiff brought a claim against this defendant under La. R.S. 23:967 even though Mr. Lefeaux is not plaintiff's "employer". Mr. Lefeaux submits plaintiff is therefore liable for attorney fees and costs under La. R.S. 23:967. Defendant Lefeaux asserts he is entitled to dismissal and for the additional reasons set forth in his Answer and Affirmative Defenses.

## C.   PENDING MOTIONS

List any pending motion(s), the date filed, and the basis of the motion(s): None.

However, Defendant Lefeaux submits he will shortly file a Motion to Dismiss.

**D.    ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

1.  Plaintiff contends that the principal legal issues include:

    a.  whether Defendants terminated Plaintiff in retaliation for (1) refusing to participate in an unlawful ticket quota system and/or (2) exercising rights protected by the First Amendment regarding the alleged ticket quota system and the conduct of his supervisors;

    b.  whether Defendants violated the Police Officer's Bill of Rights in terminating Plaintiff;

    c.  whether Defendants deprived Plaintiff of procedural due process under the Fourteenth Amendment;

    d.  whether Defendants violated Louisiana's whistleblower statutes; and

    e.  the nature and extent of Plaintiff's damages.

2.  Defendant Town contends the principal legal issues in dispute include:

    a.  Whether the Defendant could be liable to Plaintiff under La. R.S. 40:2531, La. R.S. 40:2537, La. R.S. 23:967, 28 U.S.C. § 2201, 42 U.S.C. § 1983, FMLA, Title VII, LEDL, and the Fourteenth and First Amendments of the U.S. Constitution, under the facts of the case.

    b.  Whether the Defendant could be liable under *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658 (1978).

    c.  Whether the Town is entitled to any statutory or common law immunity.

4

    d.   Whether the Plaintiff has any recoverable claims against the Town.

    e.   Whether Plaintiff has suffered any damages and the amount thereof.

3.  Defendant Lefeaux contends the principal legal issues in dispute include:

    a.   Whether Defendant Lefeaux can be liable under La. 23:967, FMLA, Title VII, LEDL or La RS 40:2537 as he was not Plaintiff's employer.

    b.   Whether any rights claimed by Plaintiff were clearly established and Defendant's entitlement to qualified immunity.

    c.   Whether Defendant could be liable to Plaintiff under La RS 40:2531.

    d.   Whether Plaintiff has any claims against Defendant.

    e.   Whether Plaintiff suffered any damages and the amount thereof.

## E.   DAMAGES

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1.    Plaintiff's calculation of damages: Plaintiff seeks back pay, including lost wages, overtime, benefits, and/or retirement contributions from the date of termination through trial; reinstatement; compensatory damages for emotional distress, humiliation, and loss of professional reputation; statutory damages and penalties, if applicable; punitive damages against the individual defendants to the extent permitted by law; attorney's fees and costs; and pre- and post-judgment interest. The precise amount remains subject to payroll records, employment records, mitigation evidence, expert analysis, and continuing damages.

2.      Defendant Town's calculation of offset and/or plaintiff's damages: Discovery is needed for determination of any offset of damages or defendant damages (including but not limited to damages under La. R.S. 23:967).

3.      Defendant Chief Lefeaux's seeks attorney fees and costs under La RS 23:967. Defendant submits plaintiff suffered no damages.

4.      Counterclaimant/cross claimant/third party's calculation of damages: N/A

F.    **SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: None.

G.    **DISCOVERY**

1.      Initial Disclosures:

A.      Have the initial disclosures required under FRCP 26(a)(1) been completed?

[ ] YES    [X] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B.      Do any parties object to initial disclosures?

[ ] YES    [X] NO

For any party who answered *yes*, please explain your reasons for objecting.

2.      Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s): None.

By defendant Town: None. Discovery is set to commence following the service of initial disclosures.

By Defendant Lefeaux: None.

3.    Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.  (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?):

Plaintiff: Should any of Plaintiff's medical records be produced he requests that these be sealed for his protection and privacy.

Defendant Town: In the event any party seeks information related to confidential police informants, the parties request that those documents be placed under seal for the protection of said informants.

Defendant Lefeaux: None at this time.

4.    Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s): To be determined, reserving the right to identify an expert at a later time, if necessary.

By defendant Town: To be determined. The Town reserves the right to identify an expert at a later time, if necessary.

By defendant Lefeaux: Defendant Lefeaux reserves the right to identify an expert at a later time, if necessary.

8

**H.    PROPOSED SCHEDULING ORDER**

1.    If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:

Plaintiff and Defendants:            **September 15, 2026**

2.    Recommended deadlines to join other parties or to amend the pleadings:

Plaintiff and Defendants: **November 1, 2026.**

3.    Filing all discovery motions and completing all discovery except experts:

Plaintiff and Defendants:  **June 1, 2027.**

4.    Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

Plaintiff:        **May 1, 2027.**

Defendants:    **June 1, 2027.**

5.    Exchange of expert reports:

Plaintiff:        **May 31, 2027.**

Defendants: **June 30, 2027.**

6.    Completion of discovery from experts:

Plaintiff and Defendants:  **August 31, 2027**

7.    Filing dispositive motions and Daubert motions:

Plaintiff and Defendants: **September 30, 2027**

8.    All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the

presiding judge's schedule, within the following general parameters.[1] The parties should not provide any proposed dates for these remaining deadlines.

    a.    Deadline to file pre-trial order[2] (approximately 16 weeks after dispositive motion deadline).

    b.    Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c.    Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    d.    Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

    e.    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    f.    Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.    If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

[2] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

**I.    TRIAL**

1.    Has a demand for trial by jury been made?

[X]  YES    [ ] NO

2.    Estimate the number of days that trial will require.

Plaintiffs and Defendants:  Three to four days.

**J.    OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ ]  YES    [X] NO

i.    If the answer is *yes*, please explain:

ii.    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[X]  YES    [ ] NO

**K.    SETTLEMENT**

1.    Please set forth what efforts, if any, the parties have made to settle this case to date.
        None at this time.

2.    Do the parties wish to have a settlement conference:

[X]  YES    [ ] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

**Plaintiff:** Plaintiff believes an early settlement conference to discuss potential reinstatement under the Police Officer Bill of Rights would be beneficial before substantial discovery expenses are incurred.

**Defendant Town of Brusly:** After the parties have had time to conduct substantial discovery and any pre-discovery motion practice, if needed. Near the discovery deadline would be most beneficial. The undersigned is happy to communicate with the Court regarding the scheduling of any settlement conference once the parties feel sufficient discovery has taken place.

**Defendant Lefeaux**: Following ruling on Dispositive Motion.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[  ] YES    [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

Report dated:  <u>August 6, 2026</u>

11

**RESPECTFULLY SUBMITTED,**

*/s/ Julie Quinn*

**JULIE QUINN (#21923) – T.A.**
**QUINNLAW, APLC**
112 Founders Drive
Baton Rouge, LA 70810
**julie@quinnlawoffices.com**
**225.372.6510**

*and*

**SHARON B. KYLE, APLC**
**CAMERON S. SNOWDEN**
**The Kyle Law Firm**
4960 Bluebonnet Blvd
Suite A Baton Rouge, LA 70809
*Phone: (225) 293-8400*
*Email: sk@kylelaw.net*
*Email: CS@kylelaw.net*

*Attorneys for Plaintiff Jordan Zachary*

*/s/ Jason Reed*

**JASON T. REED (#28733)**
jreed@neunerpate.com
**SPENCER R. CHISM (#41697)**
schism@neunerpate.com
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Telephone: (337) 237-7000
Fax: (337) 233-9450

*Counsel for Town of Brusly*

12

*/s/ Jill Craft*

**Jill L. Craft,** T.A., La. Bar Roll No. 20922
**W. Brett Conrad, Jr.,** La. Bar Roll No. 37639 329
Saint Ferdinand Street
Baton Rouge, Louisiana 70802
Phone: (225) 663-2612
jcraft@craftlaw.net
bconrad@craftlaw.net

*Attorneys for the Defendant Jonathan Lefeaux*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2026,  a copy of the foregoing Joint Status Report was filed electronically, and that notice of this filing will be sent to the parties through the Court's Electronic Case Filing System. Additionally, undersigned counsel emailed a copy to counsel for Defendant the Town of Brusly since he has not yet made an appearance in this case.

*/s/Julie Quinn*

13